# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**WILSON R. VASCONEZ,**

        **Plaintiff,**

**vs.**                                            **NO. 2:20-cv-02160-JTF-cgc**

**LANGSON COMPANIES, INC.,**

        **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

Before the Court is Plaintiff's Motion to Disqualify Counsel. (Docket Entry ("D.E.") #36). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for determination. For the reasons set forth herein, Plaintiff's motion is hereby DENIED.

### I. Background

On March 5, 2020, Plaintiff Wilson Vasconez ("Plaintiff") filed a *pro se* Complaint against Defendant Langston Companies, Inc. ("Langston") alleging discrimination on the basis of national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). (D.E. #1). Langston is represented in this action by Robert D. Meyers ("Meyers") of Glankler Brown, PLLC ("Glankler Brown").

On May 3, 2021, Plaintiff filed the instant motion arguing that Glankler Brown should be disqualified from representing him in this case due to a conflict of interest. Specifically, Plaintiff states that, beginning in 2010, former member Andre Mathis and current member Saul Belz of Glankler Brown represented Plaintiff in an employment discrimination suit filed pursuant to Title

1

VII and the Tennessee Human Rights Act against a different defendant. *See* <u>Wilson Vasconez v. Victor L. Robilio Co., Inc.</u>, 2:10-cv-02612-JPM-tmp. Judgment was entered in that case on February 17, 2012.

Plaintiff now asserts that Glankler Brown is violating Rule 1.9 of the Model Rules of Professional Conduct by representing Langston. Plaintiff alleges that Glankler Brown must maintain undivided loyalty to him, its former client, and that it is breaching its duty of confidentiality by acting adversely to his interests in this case, which he argues is a substantially related matter.

On May 4, 2021, Langston filed its Response to Plaintiff's Motion to Disqualify. Langston asserts that Plaintiff's motion is untimely because he filed it six months after Meyers entered his appearance with the Court. Langston also argues that Rule 1.9 of the Tennessee Rules of Professional Conduct ("RPC") applies here and that there is no conflict of interest that bars Glankler Brown from representing it. *See* Tenn. Sup. Ct. R. 8, RPC 1.9.

## II.   Analysis[1]

Courts view motions to disqualify counsel unfavorably and grant them only when necessary because they are drastic measures. *See* <u>Harbin Enterprises Gen. Partnership v. Ingram Micro Inc.</u>, No. 05-2942 Ma/V, 2007 WL 9710345, at *5 (W.D. Tenn. Aug. 15, 2007) (citing <u>Official Unsecured Creditors Comm. of Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp.</u>, 237

---

[1] Local Rule 7.2(a)(1)(B) provides that this motion should be "accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." Here, Plaintiff failed to attach a certificate of consultation. Accordingly, this provides another ground for denying it.

B.R. 322, 337 (B.A.P. 6th Cir. 1999)).  Analysis turns on the particular facts of each case.  Harbin, 2007 WL 9710345, at *5 (citing In re Mechem, 880 F.2d 872, 874 (6th Cir. 1989)).  Courts must be careful that the motion is not misused as a harassment technique.  Harbin, 2007 WL 9710345, at *5 (citations omitted).

Since the promulgation of the RPC, federal courts in Tennessee no longer apply the test set forth in Dana Corporation v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882 (6th Cir. 1990) to determine whether a conflict of interest warrants attorney disqualification.  Harbin, 2007 WL 9710345, at *5 (citing Nat'l Union Fire Ins. Co. v. Alticor, Inc., 472 F.3d 436 (6th Cir. 2007); Harvey v. Allstate Ins. Co., 2004 U.S. Dist. LEXIS 30138, at *16 (W.D. Tenn. Dec. 16, 2004)).  Instead, federal courts apply the RPC only.  Ibid.; *see also* LR 83.4(c), (d)(B), (g) (requiring attorneys practicing before this Court to comply with the RPC).

The movant has the burden of proving that opposing counsel should be disqualified. Harbin, 2007 WL 9710345, at *5 (citing McKinney v. McMeans, 147 F. Supp. 2d 898, 900 (W.D. Tenn. 2001); Bartech Indus., Inc. v. Int'l Baking Co., Inc., 910 F. Supp 388, 392 (E.D. Tenn. 1996)).  "When deciding a motion to disqualify, the Court must uphold the highest ethical standards of the legal profession and maintain the integrity of the judicial process, while protecting litigants' interest and respecting their choice of counsel."  Harbin, 2007 WL 9710345, at *5 (citing Manning v. Warning, Cox, James, Sklar & Allen, 849 F.2d 222, 224 (6th Cir. 1988)).

RPC 1.9(a) provides, in pertinent part, as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Tenn. R. Sup. Ct. R. 8, RPC 1.9(a).  Although Meyers did not previously represent Plaintiff in the Robilio matter, RPC 1.9(a) should be read in conjunction with RPC 1.10, which provides in that,

3

"[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when one of them practicing alone would be prohibited from doing so . . . ." Tenn. R. Sup. Ct. 8, RPC 1.10(a); *see generally* Harbin, 2007 WL 9710345 (applying Rule 1.9(a) and Rule 1.10 together to determine whether one attorney with a firm could represent the client in the present matter despite other attorneys with the firm previously representing another client).

>Additionally, Rule 1.9(c) provides, in pertinent part as follows:

>A lawyer . . . whose present . . . firm has formerly represented a client in a matter shall not thereafter reveal information related to the representation or use such information to the disadvantage of the former client unless (1) the former client gives informed consent, confirmed in writing, or (2) these Rules would permit or require the lawyer to do so with respect to the client, or (3) the information has become generally known.

Tenn. Sup. Ct. R. 8, RPC 1.9(c).  RPC 1.9(c) warns against the use of confidential information but does not mandate attorney disqualification independent of RPC 1.9(a).  Harbin, 2007 WL 9710345, at *9 (citing Sykes v. Matter, 316 F. Supp. 2d 630, 636 (M.D. Tenn. 2004)).

>Comment 3 to RPC 1.9 provides guidance on what constitutes a substantially related mater:

>Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or other work the lawyer performed for the former client or if there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter, unless that information has become generally known.

Tenn. R. Sup. Ct. R. 8, RPC 1.9, Cmt. [3].

Here, this case and the Robilio case cannot be said to involve the same transaction or legal dispute.  Instead, the Robilio matter involved Plaintiff's employment discrimination claims against another employer over a decade ago.  Plaintiff bears the burden to articulate how there might be a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance Langston's position here, and he has not done

4

so here.  Thus, Glankler Brown's representation of Plaintiff in this case does not violate RPC 1.9(a).

Further, Plaintiff does not argue that any information acquired by Glanker Brown's former representation of him has been revealed to Meyers or that it has or is been used to the disadvantage of Plaintiff.  On the contrary, Defendant explicitly denies that it has and explains the steps that it has taken to represent Langston in accordance with the RPC.  Specifically, Glankler Brown states that it initially performed a conflict-of-interests check before undertaking Langston's representation and that this check revealed the firm's prior representation of Plaintiff.  Based upon that information, Glankler Brown erected a screen preventing Meyers from viewing or having access to any documents or information related to their representation of Plaintiff in the Robilio matter.  Further, Defendant states that Meyers was not a member of the firm until June of 2013—after the judgment in the Robilio case—and that he has not spoken to any other Glankler Brown attorney about the Robilio matter and has not accessed or reviewed the prior file.  Defendant affirms that Meyers possesses no knowledge of Plaintiff not gained exclusively in the course and scope of this litigation.  Thus, Glankler Brown's representation of Plaintiff in this case does not violate RPC 1.9(c).

### III.  Conclusion

For the reasons set forth herein, Plaintiff's Motion to Disqualify Counsel is DENIED.

**IT IS SO ORDERED**, this 24th day of May, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
