# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**WILSON R. VASCONEZ,**

        **Plaintiff,**

**v.**                                            **Case 2:20-cv-01260-JTF-cgc**

**LANGSTON COMPANIES, INC.,**

        **Defendant.**

---

## ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME

---

Before the Court is Plaintiff Wilson Vasconez's Motion to Extend Time filed pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #37). Pursuant to Administrative Order 2013-05[1], the instant motion is referred to the United States Magistrate Judge for determination.

Plaintiff filed his *pro se* Complaint against Langston Companies, Inc. ("Langston") on March 5, 2020 alleging discrimination on the basis of national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (D.E. #1). On February 9, 2021, the United States District Judge held a Scheduling Conference in this matter. (D.E. #20). Thereafter, a Scheduling Order was entered setting the deadline for written discovery on

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

April 5, 2021 and the final discovery deadline, including depositions, on May 5, 2021.  (D.E. #21).

On May 3, 2021, Plaintiff filed the instant motion, which requests that the Court permit him additional time to complete the following: (1) answer Defendant's First Set of Interrogatories and Requests for Production of Documents; (2) propound his First Set of Interrogatories and Requests for Production upon Plaintiff; and, (3) reschedule his own deposition.  Plaintiff asserts that these extensions are appropriate because he has discovered that Glankler Brown has a conflict of interest and should not be permitted to represent Langston. Plaintiff filed a Motion to Disqualify Counsel (D.E. #36) on the same date that this Motion was filed and asserts that this issue must be resolved before the parties may move forward.[2] The first two requested extensions pertain to written discovery and were made twenty-eight days after the deadline for completing written discovery has passed.  Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court may only extend this deadline "if the party failed to act because of excusable neglect."  The Rule 6(b) excusable neglect standard requires the court to consider five factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its impact on the case, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the moving party acted in good faith despite the delay.  Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006).  Any argument that his request to disqualify counsel constitutes excusable neglect is unavailing because Plaintiff has been aware since Langston answered the Complaint that Glankler Brown was representing Langston.  Even so, Plaintiff did not seek to disqualify counsel and did not request this extension until the discovery deadline was looming.

---

[2] Plaintiff's Motion to Disqualify Counsel has been DENIED by separate order.  (See D.E. #40).

The third requested extension seeking to reschedule Plaintiff's deposition was made only two days before the final discovery deadline.  Pursuant to Rule 6(b)(1)(A), the Court may extend the time for good cause shown if the request is made before the original time expires.  For the same reasons that the Court finds that Plaintiff has not demonstrated excusable neglect, it finds that Plaintiff has not established good cause for the requested extension.

Finally, Plaintiff's position herein is particularly untenable given that he has not complied with multiple deadlines and orders of this Court.  Specifically, the Court has been required to issue two Orders to Show Cause (D.E. #7, #15) for failure to timely serve process and failure to respond to Defendant's Motion for Summary Judgment.  As to the latter, Plaintiff did not timely respond to the Court's Order to Show Cause but was nonetheless provided an extension to respond to Defendant's Motion for Summary Judgment.  (D.E. #16, 20).  Even so, Plaintiff's Response to Defendant's Motion for Summary Judgment was untimely and his Response to Defendant's Statement of Undisputed Facts was filed over a month after the deadline.  Thus, the relief Plaintiff requests is particularly inappropriate in the context of the repeated failures to comply with this Court's Orders.  Accordingly, Plaintiff's Motion to Extend Time is hereby DENIED.

**IT IS SO ORDERED**, this 25th day of May, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE