**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**WILSON R. VASCONEZ,**

**Plaintiff,**

**vs.** **No. 2:20-cv-02160-JTF-cgc**

**LANGSTON COMPANIES, INC.,**

**Defendant.**

---

**PLAINTIFF'S ANSWER TO DEFENDANT LANGSTON COMPANIES, INC.'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

---

Plaintiff, Wilson Vasconez ("Plaintiff" or "Vasconez"), hereby responds to Defendant'sFirst Set of Interrogatories and Request for Production of Documents to Plaintiff, Wilson R. Vasconez ("Plaintiff"), pursuant to Fed. R. Civ. P. 26, 33 and 6(b).

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify every person answering these Interrogatories or supplying information responsive to these Interrogatories.

**ANSWER:**

Wilson Vasconez

**INTERROGATORY NO. 2:**

Identify all persons you know or believe have personal knowledge of and/or are aware of any facts, documents, or information pertaining to the claims or events described in your Complaint, whether relating to liability or damages, and describe in detail the knowledge held by

each such person.

**ANSWER:**

Wilson Vasconez (Plaintiff), Robert Jones, his affidavit is part of the record; Justin Kelly, he signed and presented Separation notice to Plaintiff, part of the record. Don Wagster, witnessed Justin Kelly signing and handling Separation notice to Plaintiff, on April 15, 2019, several days after Langston Co. received Plaintiff's EEOC Complaint; documentation is also part of the record.

**INTERROGATORY NO. 3:**

Identify and describe all communications between you and Defendant (including its current and/or former employees or agents) concerning any fact and/or allegation in your Complaint, including the date of the communication, the complete details of the substance of any communication, the identity (including name, address, and telephone number) of the parties, and any witness(es) to any communications.

**ANSWER:**

Objection, Defendant is aware of all communications with Plaintiff. Such communication is also part of the record.

**INTERROGATORY NO. 4:**

Identify any and all documents, records, and written and/or oral statements on which you rely to support your contention that Defendant violated Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e to 2000e-17. For all statements, please identify the individual who made the statement, whether there were any witnesses to such statements, the date such statement was made, and the substance and manner of the statement. If there were any witnesses, please identify each witness.

**ANSWER:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**INTERROGATORY NO. 5:**

Specifically describe all symptoms, effects, and manifestations of emotional pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses you allegedly suffered because of any conduct by Defendant as alleged in your Complaint, stating the nature and duration of each symptom, effect, or manifestation and what efforts, if any, you have made to alleviate these conditions.

**ANSWER:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**INTERROGATORY NO. 6:**

Identify any other lawsuit, charge, grievance, or claim that you have brought, or been involved in as a party in interest, against any employer, co-worker, business, or person (other than Defendant) since the age of 18, including but not limited to: (a) identify the employer or person involved; (b) state the date, identification number, jurisdiction, court, or government entity involved; and (c) describe the nature and outcome of the matter.

**ANSWER:**

Objection, Defendant is aware of all the information requested, Defendant's attorneys incur in conflict of interest since Glankler and Brown has formerly represented Wilson Vaconez in the past in the same or a substantially related matter. Glankler and Brown's current interests are materially adverse to the interests of Wilson Vasconez, his former client. Wilson Vasconez hereby expressely does not give consent to Glankler and Brown to disclose any confidential communications made to Glankler and Brown by Wilson Vasconez in the past.

Furthermore, Glankler and Brown, who has formerly represented Wilson Vasconez in the same or a substantially related matter, is now knowingly representing Langston Companies in this case,

which may constitute legal malpractice.

Wilson Vasconez does not have any guarantee that Glankler and Brown limits access to their attorneys to their archives and files. Finally, Wilson Vasconez is concerned about the possible use of the information that Glankler and Brown possesses about Wilson Vasconez in the case Vasconez vs.Robilio, in order to use it against Vasconez now, since Vasconez was represented by Glankler and Brown in that specific case.

Per Settlement agreement with Victor Robilio Co. Inc., Vasconez is not allowed to comment about any outcome of the matter.

Vasconez, Plaintiff vs. City of Memphis and Shelby County, Memphis, Nature: Damages for destruction of property. Outcome, Judge Granted Vasconez's claim. Plaintiff does not remember dates, jurisdiction or specific Court in Memphis, TN.

Vasconez, Plaintiff vs. J. Dansberry, Memphis, Nature: Repossession of property. Outcome, Judge granted Vasconez's claim. Plaintiff does not remember dates, jurisdiction or specific Court in Memphis, TN.

**INTERROGATORY NO. 7:**

Set forth an itemized statement of all damages you are seeking, including but not limited to lost wages and benefits, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, non-pecuniary damages, and punitive damages.

**ANSWER:** Objection, Defendant is aware of all the information requested, which is also part of the record.

**INTERROGATORY NO. 8:**

Identify each employer for whom you have worked (including self-employment and consultant work) since your employment with Langston was terminated to the present, including in your response: (a) the name, address, and telephone number of each employer; (b) the dates of

employment; (c) the nature of the employment; (d) the name and title of your immediate supervisor at each job; (e) the amount of compensation or remuneration received from each employer; (f) the fringe benefits which you received or were offered to you; and (g) the reason(s) for separation from each place of employment.

**ANSWER:**

1. Vanguard Soap, 3084 S Center Rd, Memphis, TN 38109, (901) 348-6600, employed from October 8, 2019 to May 5, 2020 as a Warehouse manager, Immediate Supervisor was Jon Jackson, VP of Operations, compensation: 2884 USD By-weekly. Wilson Vasconez was separated without any sustained reason, Plaintiff suspects that contact between Vanguard Soap HR and Langston Companies may have occurred and influenced on his employment termination.

2. Williams Sonoma Inc, 7755 Polk Ln. Olive Branch, MS.38654, (877) 812-6235, employed from November 13, 2020 to January 4, 2021. as a Seasonal Operations Manager, Immediate Supervisor was Nikki Jones, Director of Operations, Compensation: 2961.63 USD By-weekly. Reason for separation: Job was seasonal and Season ended.

3. Vasconez just started in a new job, and would provide further details under duress if the Court orders him to do so. Vasconez does not trust Defendant nor his counsel regarding their possible contacting future Vasconez's employers with detrimental remarks.

**INTERROGATORY NO. 9:**

Identify each source of income you have received (including unemployment compensation or benefits, disability compensation or benefits, social security benefits, pension or annuity payments, alimony or spousal support, or any other court-ordered payments) since April 15, 2019, including in your response: (a) the name, address, and telephone number of each source of income; (b) the dates of each source of income; (c) the nature of the source of income; (d) the amount of compensation or remuneration received from each source of income; (e) the fringe benefits which

you received or were offered to you; and (f) the reason(s) for cessation of each income source.

**ANSWER:**

1. Vanguard Soap, 3084 S Center Rd, Memphis, TN 38109, (901) 348-6600, employed from October 8, 2019 to May 5, 2020 as a Warehouse manager, compensation: 2884 USD By-weekly.

2. Williams Sonoma Inc, 7755 Polk Ln. Olive Branch, MS.38654, (877) 812-6235, employed from November 13, 2020 to January 4, 2021. as a Seasonal Operations Manager, Immediate Supervisor was Nikki Jones, Director of Operations, Compensation: 2961.63 USD By-weekly.

3. Tennessee Unemployment insurance: 275 US. Dollars per week, Total 2019: 5225 USD; Total 2020: 13850 USD.

**INTERROGATORY NO. 10:**

Describe with particularity all efforts made and/or steps taken by you to mitigate any damages which you contend you suffered as a result of the acts alleged in the Complaint. With regard to each employer with whom you have applied for employment since April 15, 2019, if any, include in your response: (a) the name, address, and telephone number of each employer; (b) the date of application; (c) the nature of the employment sought for each application, including salary, title, and job duties; (d) whether you were offered employment, including the date of such offer, and your response to the offer; and (e) the reason(s) you were not offered employment and/or rejected employment.

**ANSWER:**

Plaintiff applied to several jobs through indeed and Career builder. Initially received answers from Vanguard Soap, who ended hiring Plaintiff. Subsequently received answer and was offered seasonal employment at Williams Sonoma in Mississippi. While under unemployment, Plaintiff applied to multiple jobs at the Tennessee unemployment website. Plaintiff never rejected employment.

**INTERROGATORY NO. 11:**

Identify all documents, statements, and/or conversations that you contend constitute an admission against interest by Langston (or any of its current or former managers, employees, agents, or representatives) concerning any of the allegations and/or claims in the Complaint.

**ANSWER:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**INTERROGATORY NO. 12:**

Identify all documents in your custody or control or of which you have knowledge that support, contradict, or otherwise relate to the allegations made in your Complaint and/or your answers to these Interrogatories, including the identification of all documents that you relied upon or referred to in preparing your answers to these Interrogatories. In lieu of identification, you may produce documents for inspection and copying.

**ANSWER:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**INTERROGATORY NO. 13:**

Have you ever been charged, arrested, or convicted (including any plea of guilty or *nolo contendre*) for the violation of any criminal statute? If so, state the date, the charge, the disposition of the charge, and the government entity bringing such charge.

**ANSWER:**

No.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce a true and correct copy of Plaintiff's resumes, or any other documents that outline

and/or describe Plaintiff's employment experience andpositions held.

**RESPONSE:**

**Wilson R. Vasconez**
**wilsonvasconez@hotmail.com**
**(901) 530-2792**

- 17 years of experience as Warehouse Manager: S&R Operations, Logistics, Inventory Control. Process oriented.
- Languages spoken: Spanish, French, German and English.
- Proficient in Windows and use of ERP software such as ORACLE, SAP and other WMS. Knowledge of 5 S Philosophy
- Management of crews with diverse backgrounds; improving procedures and labor performance standards through effectively planning, administering, controlling and evaluating WH. Operation's Processes.

**WORK EXPERIENCE**

- **Seasonal Operations Manager: Williams Sonoma Intl.** Direct accountability of the night shift operations for the Mark and Graham account during the peak Sales Season. 110+ Associates. Olive Branch, MS. Nov. 2020, Jan. 2021.
- **Warehouse Operations Manager: Vanguard Soap, LLC.** Direct accountability of all Warehouse Operations; Shipping, Receiving, Inventory Control, in a semi automated production Plant. Memphis TN. 2019-2020.
- **Warehouse Manager: Langston Companies Inc.** Management of Warehouse for the Company's production Plants at West Memphis, AR. And Memphis TN. consecutively 2012-2019.
- **Warehouse Manager: Pacific Paper Inc.** Direct accountability of all WH Operations and Logistics using SAP and Six Sigma management Systems. Managing a crew of mostly forklift drivers on an automated Paper Mill in Memphis, TN. Invoicing and paperwork handling, scheduling and reception of raw materials from vendors across the country, through multiple freight companies. Storage of raw materials and finished products in two joint Warehouses; distribution of finished goods across the U.S. to retail chain customers. Inventory Control. 2011-2012.
- **Warehouse Manager: V. L. Robilio Co. Inc.** Direct accountability of WH operations, S&R Quality and Inventory Control for a Wine and liquor ISO and FDA regulated Importer & Wholesaler using BDS WMS. I implemented 5S and re-structured the warehouse to 3D locations which abruptly reduced picking and training time. Implemented Web controlled GPS technology to delivery process and real-time positioning of trucks, which saved routing time and enhanced employee performance. I implemented high technology surveillance covering all the premises, and linked them to the internet which stopped theft and allowed me to follow daily operations in real time from anywhere. During my management the Company's President (my direct report), received the "Executive of the month" award from The Commercial Appeal. Memphis, TN. Sep. 2003 – Aug. 2011.
- **Industrial Cleaning Manager:** Southern Services Corporation, for Hollywood and Sam's Town Casinos in Tunica, MS. Miami, Sep. 2002-June 2003.
- **Industrial Cleaning Lead:** Initial Contract Services, for Manhattan Buildings. New York, NY. 2001-2002.
- **Assistant Manager:** Showcase Carwash:. Piscataway, NJ. 2000- 2001.
- **Research Assistant:** Universidad Central del Ecuador: Cooperation University-Industry and development of projects, Quito, 1996-1999.

**EDUCATION**

- **BA,** Pontifical Catholic University of Ecuador, Quito, Major: Political Sciences and Sociology.
- **Inter-American Studies Program**, Pontifical Catholic University of Ecuador, Quito, 1996.
- **French, English and German Proficiency,** Pontifical Catholic University of Ecuador, Quito, 1986 - 1990.
- **German as a Foreign Language,** Volkshochschule am Tübingen, Germany, 1990.

**OTHER STUDIES**

- "Systems and Quality Control", Universidad Central del Ecuador, December 1998.
- "Elaboration and Evaluation of Projects", Universidad Central del Ecuador, October 1997.
- "Quality Planning", Universidad Central del Ecuador, November 1998.
- "Training for Administrative Function", Universidad Central del Ecuador, July 1996.
- "Food and Beverages Management, U.S. FDA norms", Group AZUL, Quito, Apr. 2001.
- "Training Program for Managers of Cooperation among Universities, Companies and Research Institutes", Sao Paulo, Brazil, July 1997.
- "Management of Centers of Scientific Instruments", ALFA Program, Quito, March 1997.
- "Natural Resources and Intellectual Property", Universidad Central del Ecuador, July 1999.
- "Patents and Copyright", Universidad Central del Ecuador, November 1998.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents including notes or memoranda concerning any meeting where the terms and conditions of Plaintiff's employment at Langston were discussed.

**RESPONSE:**

All offers from Edward Langston were verbal, Langston Companies never issued me a formal employment offer.

**REQUEST FOR PRODUCTION NO. 3:** Produce any and all communications to Plaintiff from any representative of Langston or from you to any representative of Langston, including but not limited to correspondence, memos, notes or emails related to your employment, your termination or the claims that are the basis of this lawsuit.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 4:** From the first day you were employed at Langston through the present, produce all documents ever written or signed by Plaintiff relating to his employment with, termination from, and/or daily activities at Langston, including notes, day timers, emails, appointment books, diaries, calendar entries, memoranda, records, letters or other printed or written material.

**RESPONSE:**

Objection, redundant, same request for production as request No. 3. Defendant is aware

of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 5:** From the first day you were employed at Langston through the present, produce your income tax returns.

**RESPONSE:**

Attached income tax returns for the years required to keep record per IRS statute of limitations.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents that support, evidence, refer, rebut, contradict, or relate to Plaintiff's allegations in Plaintiff's Complaint that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents that you believe support a contention that Plaintiff was subjected to discriminatory and retaliatory conduct on the basis of national origin.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 8:** Produce any statement, e-mail, text message, letter memo or correspondence which you believe supports any contention of animus against Plaintiff based on Plaintiff's national origin and/or Plaintiff's alleged complaints about discrimination.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents identified in Plaintiff's responses to Defendant's interrogatories.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 10:** Produce all witness or third-party statements, notes, memos, emails, correspondence, or other written records pertaining to the claims made in Plaintiff's Complaint, including damages Plaintiff seeks in this lawsuit.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 11:** Produce all written and/or recorded statements or documents made by or taken of you concerning any of the events described in Plaintiff's Complaint.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 12:** For the period January 1, 2016 through the present, produce all records relating to your commission of any crimes. Your answer should include the identification of:

(a) records of any arrest;

(b) records of any indictment;

records of any (c) guilty or *nolo contendere* pleas of any kind; and

(d) records of any conviction of any kind.

**RESPONSE:**

Plaintiff has no criminal record.

**REQUEST FOR PRODUCTION NO. 13:** Produce documents reflecting or summarizing the knowledge or testimony of each person who, within your knowledge, has or may have knowledge

of facts relevant to and/or concerning the allegations and claims made, and/or damages sought, in the lawsuit.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 14:** Produce any and all documents demonstrating your duties while employed by Langston, including but not limited to your job description(s).

**RESPONSE:** Langston did not provide any written document regarding this matter to Plaintiff when hired. Other documents are part of the records.

**REQUEST FOR PRODUCTION NO. 15:** Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures and/or employee handbooks that you have received from Defendant in the last four (4) years.

**RESPONSE:**

Plaintiff does not recall receiving any written material from Defendant regarding Defendant's request of production No. 15. The only training Plaintiff recalls he received, was a two day course for supervisors on how to legally get rid of employees. Any other information pertaining to request of production No. 15 is also part of the record.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents that show Defendant's discharge of you was not justified or in any way not legally excused.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 17:** Produce any written notice, email, facsimile, correspondence, or memorandum relating to the reasons you were terminated.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 18:** Produce any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind, from any expert witness who will testify in this case or whose work- product forms a basis of either whole or part of the opinion of an expert who is to be called as an expert.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 19:** Produce any photographs, drawings, sketches, video recordings, motion pictures, tape recordings, graphic depictions or other tangible evidence concerning the claims in this case, or the parties or witnesses in this case.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 20:** Produce all non-privileged investigation reports, incident reports, accident reports, statements by witnesses (oral or recorded), concerning the claim(s) made the subject of this suit which were generated prior to the filing of this lawsuit.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents related to any damages Plaintiff alleges he suffered.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents relating to any claim by Plaintiff for and/or receipt of unemployment compensation benefits, workers' compensation benefits, disability benefits, and/or any insurance benefits from April 15, 2019 to the present.

**RESPONSE:**

Enclosed 2019 and 2020 Forms 1099-G

**REOUEST FOR PRODUCTION NO. 23:** Produce all documents reflecting any compensation of any nature that Plaintiff has received (including without limitation salary, wages, bonuses, perquisites, and benefits) from the date his employment ended with Langston to the present.

**RESPONSE:**

Enclosed Plaintiff's 2019 and 2020 Tax returns.

**REOUEST FOR PRODUCTION NO. 24:** Produce all documents reflecting employment and attempts to obtain employment of any kind, whether part-time, full-time or self-employment, from the date your employment ended with Langston to the present, including without limitation applications, resumes, solicitations, letters to or from prospective employers, contracts, job descriptions, letters to or from job search or job placement agencies and responses made by you to any offer of employment, memoranda, and/or any other written communications concerning employment.

**RESPONSE:**

Attached documents: job search 1, 2,3 and 4

**REOUEST FOR PRODUCTION NO. 25:** Regarding those items in your possession, custody and control, produce all documents or materials or property of Langston, including but not limited to, memos, correspondence, handbooks, business records and documents from the personnel file of any current or former employee of Langston.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REOUEST FOR PRODUCTION NO. 26:** Produce those documents and/or tangible items that evidence or concern any and all write-ups and/or disciplinary notices that you received while

working for Langston.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents concerning any lawsuits, claims, demands for compensation for physical or emotional injuries or any other actions where you were a party.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, Defendant's attorney incurs in conflict of interest since Glankler and Brown has formerly represented Wilson Vaconez in the past in the same or a substantially related matter. Glankler and Brown's current interests are materially adverse to the interests of Wilson Vasconez, his former client. Wilson Vasconez expressely does not give consent to Glankler and Brown to disclose any confidential communications made to Glankler and Brown by Wilson Vasconez.

Furthermore, Glankler and Brown, who has formerly represented Wilson Vasconez in the same or a substantially related matter, is now knowingly representing Langston Companies in this case, which may constitute legal malpractice.

Wilson Vasconez does not have any guarantee that Glankler and Brown limits access to their attorneys to their archives and files. Finally, Wilson Vasconez is concerned about the possible use of the information that Glankler and Brown possesses about Wilson Vasconez in the case Vasconez vs.Robilio, in order to use it against Vasconez now, since Vasconez was represented by Glankler and Brown in that specific case.

Per Settlement agreement with Victor Robilio Co. Inc, Vasconez is not allowed to comment about any outcome of the matter.

**REQUEST FOR PRODUCTION NO. 28:** Produce all non-privileged recordings (whether audio

or video) and/or photographs, notes or other documents relating to, referring to, constituting, demonstrating, reflecting, or explaining any telephone conversations, meetings, interviews, statements, or other communications between Plaintiff and any current or former contractor, adviser, consultant, or employee of Langston.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

**REOUEST FOR PRODUCTION NO. 29:** Produce any and all documents not previously mentioned that Plaintiff intends to use in support of the claims alleged in the Complaint.

**RESPONSE:**

Objection, Defendant is aware of all the information requested, which is also part of the record.

Respectfully submitted,

*Isl Wilson R. Vasconez*
PLAINTIFF
346 Fields Ave.
Memphis, TN. 38109
Phone: (901) 530-2792
wilsonvasconez@hotmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 7th. day of June 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Robert D. Meyers;
Aubrey B. Greer.
6000 Poplar Ave., Suite 400
Memphis, Tennessee 38119

*Isignedl Wilson R. Vasconez*
PLAINTIFF

346 Fields Ave.
Memphis, TN. 38109
Phone: (901) 530-2792
wilsonvasconez@hotmail.com