IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILSON R. VASCONEZ,  )<br>  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )   Case No. 2:20-cv-02160-JTF-cgc<br>  )<br>  )<br>LANGSTON COMPANIES, INC.  )<br>  )<br>  )<br>   Defendant.  )  | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Langston Companies Inc.'s ("Defendant") Motion for Summary Judgment, filed November 6, 2020. (ECF No. 13.) Pursuant to Administrative Order No. 2013-15, the case was referred to the United States magistrate judge for Report and Recommendation. On June 4, 2021, Magistrate Judge Charmiane G. Claxton submitted her Report on Defendant's Motion for Summary Judgment and recommended that the Motion be granted. (ECF No. 45.) On June 18, 2021, Plaintiff filed timely Objections to the Report and Recommendation, ECF No. 48, and on June 30, 2021, Defendant responded to Plaintiff's Objections. (ECF No. 49.)[1] For the following reasons, the Court **ADOPTS** the Report and Recommendation and finds that Defendant's Motion for Summary Judgment is **GRANTED**.

---

[1] On July 10, 2021, Plaintiff filed Objections to Defendant's Response Opposing Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, ECF No. 50, which were also considered by the Court.

1

## I.  FINDINGS OF FACT

Plaintiff raised no factual Objections to the Report and Recommendation. (*See* ECF No. 48.) Thus, this Court adopts and incorporates, the Magistrate Judge's proposed findings of fact in this case. (ECF No. 45, 6-8.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, a district court may refer a pretrial motion to a magistrate judge for report and recommendation. If a party files timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Civ. P. 72(b)(3). Objections to a magistrate judge's report must be "specific." Fed. R. Civ. P. 72(b)(2). "Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Where the objecting party makes general or conclusory objections to the report and recommendation as a whole without specifying to which issues in the report he is objecting, or where a party's objections are simply a repetition of the arguments he or she made to the magistrate judge, a *de novo* review is not warranted. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *Mira v. Marshall* 806 F.2d 636, 637 (6th Cir. 1986). "A district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition." *Brooks v. Invista* (*Koch Indus.*), 528 F.Supp.2d 785, 788 (E.D. Tenn. 2007). Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection

is filed. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014). Those portions of a Report and Recommendation to which a party has not specifically objected will be adopted by the Court as long as those sections are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas*, 474 U.S. at 140.

### III.   ANALYSIS

After careful review of Plaintiff's Objections to the Report and Recommendation, it appears that Plaintiff does not offer any specific Objections to the Report, as the Objections do not specifically identify those findings or recommendations to which Objections are being made. (*See* ECF No. 48.) Instead, Plaintiff's Objections are general and conclusory and merely rehash arguments he previously made in his Response in Opposition to Defendant's Motion for Summary Judgment. (*Compare* ECF No. 48 *with* ECF No. 26.) Thus, the Court will review the Report and Recommendation for clear error as opposed to *de novo* review. *See Thomas*, 474 U.S. at 150-52; *Mira v. Marshall* 806 F.2d 636, 637 (6th Cir. 1986); *see also Brooks,* 528 F.Supp.2d at 788.

For example, in Objection number five, Plaintiff states that "the presentation of the PIP . . . was retaliatory and was originated as a consequence of Plaintiff's recommendation of termination of two protegees of Kelly and as such, it became an adverse employment action . . . The PIP was never evaluated since it never took effect due to Vasconez being on [v]action and being separated from the Company upon return ("D.E." #32-2), [sic]." (ECF No. 48, ¶ 5.) The Court presumes that these statements are Objections to the Magistrate Judge's findings related to Plaintiff's discrimination and retaliation claims, but Plaintiff does not make his position clear. These statements are conclusory objections that were previously presented to the Magistrate Judge and offer nothing new for the Court to review. Pursuant to *Cole*, the district court need not consider conclusive or general objections. *Cole*, 7 F. App'x at 356.

In support of Plaintiff's Title VII Hostile Work Environment claim, which the Magistrate Judge liberally construed, Plaintiff's Objection states that "[d]uring discovery, Plaintiff presented evidence supporting Harper's comment as consisting in severe and pervasive conduct: ("D.E." #32-2"). Idem [sic] about Langston's conduct by protecting Harper, taking no action and never responding to Plaintiff's Complaint of 08/17/2018 ("D.E." #32-2")." (ECF No. 48, ¶ 4.) However, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is inappropriate because it merely rehashes an argument Plaintiff already made. As the Magistrate Judge pointed out, Plaintiff provides no evidence of the substance of the statement required to overcome a Motion for Summary Judgment and thus the claim fails as a matter of law. (ECF No. 45, 15.)

As for the remainder of Plaintiff's Objections, they attempt to re-explain the procedural history of the case and again, constitute improper objections. (ECF Nos. 48 & 50.) To illustrate, Objections two, three, seven, ten, and twelve attempt to re-explain why Plaintiff was not able to pick up three blank summonses from the federal building, why he was not able to register for PACER, and why he filed his response to Defendant's Motion for Summary Judgment on February 22, 2021 as opposed to February 19, 2021, which was the filing deadline set by the Court in its Scheduling Order. (ECF No. 48 ¶¶ 2, 3, 7, 10 & 12; ECF No. 50, 2; *see also* ECF No. 21.) Such Objections will not be considered by the Court because the Magistrate Judge's recommendation to grant summary judgment in favor of the Defendant was not based on any of the issues Plaintiff sets forth.

Finally, in Objection number eleven, Plaintiff notes that he is "not an Attorney and has no legal counsel" and that "it takes him a tremendous effort to affront the legal requirements to litigate in compliance with all the legal challenges." (ECF No. 48, ¶ 11.) While the Court empathizes with *pro-se* litigants, *pro-se* litigants are not exempt from the requirements of Federal Rules of

Civil Procedure. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), and District Judges have no obligation to act as counsel or paralegal to *pro-se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Machicote v. Ercole*, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

The Court does not find anything in the record to show that the Magistrate Judge's Report and Recommendation was clearly erroneous or contrary to law. Therefore, after a full review of the Report and Recommendation, including the "Proposed Findings of Fact" and the "Proposed Conclusion of Law", the Court adopts the Magistrate Judge's Report and Recommendation, and Plaintiff's Objections are overruled.

## IV.     CONCLUSION

Upon a clear error review, the Court **ADOPTS** the Magistrate Judge's Report. Plaintiff's Objections are **OVERRULED,** and Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED** on this 23rd day of July 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge